**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MAURICE E. SCOTT, | ) | |
| Plaintiff, | ) | C.A. No. 08-298 (Lead Case) |
| | ) | |
| vs. | ) | District Judge McLaughlin |
| | ) | Magistrate Judge Baxter |
| JUDGE GORDON R. MILLER, et al., | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

It is respectfully recommended that:

　　　1.　　Defendant Randall Schirra's Motion to Dismiss [Document # 21] be
granted;

　　　2.　　Defendant Ross C. Prather's Motion to Dismiss [Document # 27] be
granted; and

　　　3.　　The Judicial Defendants' Motion to Dismiss [Document # 31] be granted.

It is further recommended that, pursuant to the authority granted to courts in the Prison

Litigation Reform Act, Plaintiff's claim against Defendant Robert E. Draudt be dismissed as

untimely.

**II.     REPORT**

**　　　A.     Relevant Procedural and Factual History**

　　　　　On October 28, 2008, Plaintiff Maurice E. Scott, an inmate incarcerated at the State

Correctional Institution at Fayette in LaBelle, Pennsylvania, filed this *pro se* civil rights action

pursuant to 42 U.S.C. § 1983.  Named as Defendants are:  President Judge Gordon R. Miller

("Judge Miller"); Randall T. Schirra, an agent with the Office of Attorney General, Bureau of

Narcotics Investigation and Drug Control ("Schirra"); Ross C. Prather, Esquire ("Prather");

Robert E. Draudt, Esquire ("Draudt"); and Judge John F. Spataro ("Judge Spataro").  Plaintiff

subsequently filed an Amended Complaint on March 9, 2009, to clarify his claims. [Document

# 26].

In his original complaint, Plaintiff claimed that Defendants Judge Miller, Schirra and Prather "conspired to keep Plaintiff incarcerated past his 180 day speedy trial rule." (Complaint at Section IV.C). In particular, Plaintiff claims that Defendant Prather failed to file "the necessary motion for nominal bail;" Defendant Judge Miller "used a continuance to gain a tactical advantage on the case;" and Defendant Schirra "did an illegal search & impoundment of the vehicle Plaintiff was driving." (Id.).

In his amended complaint, Plaintiff clarified his claim against Defendant Schirra by alleging that he violated Plaintiff's Fourth Amendment rights by illegally searching and seizing Plaintiff's vehicle without a warrant. (Amended Complaint at Section IV.C). In addition, Plaintiff altered his conspiracy claim by restating it against Defendants Judge Miller, Judge Spataro, Prather and Draudt, and alleging that said Defendants conspired together to hold Plaintiff "past his Rule 600 nominal bail." (Id.). In particular, Plaintiff claims that Defendant Judge Spataro "knew Plaintiff was coming up for a Rule 600 hearing because he told [Plaintiff's] attorney Robert Draudt at [Plaintiff's] bail reduction hearing that there was going to be a Rule 600 issue." As relief for his claims, Plaintiff seeks monetary damages.

On March 3, 2009, Defendant Schirra filed a motion to dismiss the complaint based on Plaintiff's failure to comply with the applicable two-year statute of limitations. [Document # 21].[1] On March 13, 2009, Defendant Prather filed a motion to dismiss amended complaint arguing that Plaintiff has failed to state a claim upon which relief may be granted. [Document # 27]. Defendants Judge Miller and Judge Spataro (hereinafter collectively referred to as "Judicial Defendants") subsequently filed a motion to dismiss amended complaint, citing, *inter*

---

[1]

The Court notes that Defendant Schirra's motion to dismiss was actually filed in response to Plaintiff's original Complaint; however, since Plaintiff's claim against Defendant Schirra was not materially altered in the Amended Complaint, it wasn't necessary for him to file essentially the same motion in response to the Amended Complaint.

*alia*, absolute judicial immunity. [Document # 31].[2]  Plaintiff has since filed responses to all of the pending motions.  This matter is now ripe for consideration.[3]

**B.      Standards of Review**

**1.      Motion to Dismiss**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true.  Erickson v. Pardus, 551 U.S. 89, 95 (2007).  A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)).  See also Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint.  See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Nor must the court accept legal conclusions set forth as factual allegations.  Twombly, 550 U.S. at 556, citing Papasan v. Allain, 478 U.S. 265, 286 (1986).  "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556.  Although the United States Supreme Court does "not require heightened fact

---

[2]

Due to a clerical oversight, Defendant Draudt has not yet been served in this matter and is not a party to any of the pending motions to dismiss.

[3]

The Court notes that, on December 1, 2008, Plaintiff filed an identical complaint against the same Defendants in the United States District Court for the Middle District of Pennsylvania, which was subsequently transferred to this Court on December 8, 2008, and docketed at Case No. 08-342 Erie.  As here, Plaintiff filed an amended complaint in that case that mirrored the one filed in this case.  Due to the identity of parties and claims, the case at 08-342 Erie was consolidated with the instant case by Order dated March 25, 2009, with this case surviving as the lead case.

pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 22, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 232, quoting Twombly, 550 U.S. at 556 n.3.

Recently, the Third Circuit expounded on the *Twombly/Iqbal/Phillips* line of cases:

> To prevent dismissal, all civil complaints must now set out sufficient factual matter to show that the claim is facially plausible. This then allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.
>
> * * *
>
> After *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. **First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. In other words, a complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to show such an entitlement with its facts. As the Supreme Court instructed in *Iqbal*, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief. This plausibility requirement will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Fowler v. UPMC Shadyside, ___ F.3d. ___, ___, 2009 WL 2501662, at * 4-5 (3d Cir. Aug. 18, 2009).

### 2.    *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail,

4

it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).  Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.


### C.     Discussion

#### 1.     Judicial Defendants

Defendants Judge Miller and Judge Spataro assert, among other things, that they are immune from Plaintiff's lawsuit under the doctrine of judicial immunity.  It is well-settled that judicial officers are immune from damage suits arising out of their official duties.  Stump v. Sparkman, 435 U.S. 349 (1978).  Judicial immunity is an "immunity from suit, not just from an ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of authority...." Sparkman 435 U.S. at 356.

Judicial immunity may be overcome only when:  (i) the challenged actions were not taken in the judge's judicial capacity; or (ii) the challenged actions, "though judicial in nature, were taken in the complete absence of all jurisdiction." Mireles, 502 U.S. at 11-12.  In this case, it is beyond question that all of the challenged actions of Defendants Judge Miller and Judge Spataro were taken in their judicial capacities and were within their respective jurisdictions.  Thus,

Plaintiff's claims against Defendants Judge Miller and Judge Spataro are barred by the doctrine of absolute judicial immunity and should be dismissed.

### 2.      Defendant Schirra

          Plaintiff claims that Defendant Schirra violated his Fourth Amendment rights by searching and seizing Plaintiff's vehicle, without a warrant, on October 1, 2005. (Amended Complaint, Section IV).[4]  Defendant Schirra argues that Plaintiff's claim should be dismissed because, among other things, it is based on circumstances that are alleged to have occurred well beyond the applicable statute of limitations.  The Court agrees.

          The federal civil rights laws do not contain a specific statute of limitations for § 1983 actions.  However, it is well established that the federal courts must look to the relevant state statute of limitations for personal injury claims to determine the applicable limitations period.  Samerica Corp. Del., Inc. v. City of Philadelphia, 142 F.3d 582 (3d Cir. 1998)(internal citations omitted).  In this regard, federal courts sitting in Pennsylvania have adopted Pennsylvania's two year personal injury statute of limitations set forth at 42 Pa.C.S.A. § 5524, in determining that a § 1983 claim must be filed no later than two years from the date the cause of action accrued.  See Lake v. Arnold, 232 F.2d 360, 368 (3d Cir. 2000); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451 (3d Cir. 1996).

          Here, the alleged misconduct of Defendant Schirra occurred on October 1, 2005,  more than three years prior to Plaintiff's initiation of this action.  As a result, Plaintiff's claim against Defendant Shirra is time-barred and should be dismissed.

### 3.      Defendant Prather

          Defendant Prather is a private attorney who was appointed to represent Plaintiff with

---

[4]

The original Complaint indicates that the search and seizure occurred on September 1, 2005. (Complaint, Section IV.A).

regard to criminal charges that were filed against him. (Document # 28, Defendant Prather's Brief, at p. 2).  Plaintiff essentially alleges that Defendant Prather failed to file a necessary motion for nominal bail and, thus, conspired with the Judicial Defendants and Defendant Draudt to keep Plaintiff incarcerated past the 180-day limit imposed by Pa.R.Crim.P. Rule 600.  This conspiracy is alleged to have occurred on May 8, 2006. (Amended Complaint, Section IV.A).  As with Plaintiff's Fourth Amendment claim against Defendant Schirra, Plaintiff's claim against Defendant Prather is governed by Pennsylvania's two year personal injury statute of limitations set forth at 42 Pa.C.S.A. § 5524.  Since this case was not filed until October 28, 2008, more than 2½ years beyond the alleged date of Defendant Prather's challenged conduct, Plaintiff's claim against Defendant Prather is barred by the applicable statute of limitations and should be dismissed.

### 4.      Prison Litigation Reform Act

The Prison Litigation Reform Act provides that:

> (b) Grounds for dismissal– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint– (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted;  or  (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.A. § 1915A.  Under Section 1915A, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so.  Nieves v. Dragovich, 1997 WL 698490, at *8 (E.D. Pa. 1997)("Under provisions of the Prison Litigation Reform Act codified at  28 U.S.C. §§ 1915A, 1915(e) and  42 U.S.C. § 1997e(c), the district courts are required, either on the motion of a party or sua sponte, to dismiss any claims made by an inmate that are frivolous or fail to state a claim upon which relief could be granted.").

The PLRA also amended the statutory  provisions with respect to actions brought by

7

prisoners who are proceeding in forma pauperis.  <u>See</u> 28 U.S.C. §1915(e)(2)[5].  Under this provision as well, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so by mandatory language.  <u>See</u>, <u>e.g.</u>, <u>Keener v. Pennsylvania Bd. of Probation and Parole</u>, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim.").  In performing a court's mandated function of *sua sponte* reviewing a complaint under 28 U.S.C. § 1915(e) and under § 1915A to determine if it fails to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  <u>See</u>, <u>e.g.</u>, <u>Tucker v. Angelone</u>, 954 F. Supp. 134, 135 (E.D. Va. 1977) ("Under  28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'").

_____As noted earlier, Defendant Draudt has not yet been served in this case.  Nevertheless, Plaintiff's claim against Defendant Draudt is virtually identical to his claim against Defendant Prather.  In particular, Plaintiff claims that Defendant Draudt was part of the alleged conspiracy to keep Plaintiff imprisoned beyond Rule 600's 180-day time limit.  Once again, this conspiracy was alleged to have occurred on May 8, 2006, more than 2½ years prior to Plaintiff's filing of the instant lawsuit.  As a result, Plaintiff's claims against Defendant Draudt are barred by the applicable two-year statute of limitations and should be dismissed.

## III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that:

1.    Defendant Randall Schirra's Motion to Dismiss [Document # 21] be

---

[5]

Title 28 U.S.C. §1915(e)(2) provides:  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--(B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

granted;

2.    Defendant Ross C. Prather's Motion to Dismiss [Document # 27] be granted; and

3.    The Judicial Defendants' Motion to Dismiss [Document # 31] be granted.

It is further recommended that, pursuant to the authority granted to courts in the Prison Litigation Reform Act, Plaintiff's claim against Defendant Robert E. Draudt be dismissed as untimely.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Date:    November 30, 2009

cc:    The Honorable Sean J. McLaughlin
       United States District Judge